IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Dist. No. 03-cr-40084-JLF |
| | ) Appeal No. 04-2776 |
| RUBEN HERRERA-HERRERA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on a limited remand from the United States Court of Appeals for the Seventh Circuit pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). *Paladino* set forth a procedure to address criminal cases on appeal where the district court imposed a sentence prior to the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker*, the United States Supreme Court found the application of mandatory federal Sentencing Guidelines as written unconstitutional. *Id.* at 746, 749-50. The United States Supreme Court also held, however, that the proper remedial measure to save the Guidelines was to strike the portions of the Sentencing Reform Act of 1984 that make application of the Guidelines mandatory as opposed to advisory: 18 U.S.C. §§ 3553(b)(1) and 3742(e). *Id.* at 764-67. Those provisions having been stricken from the Sentencing Reform Act, judges, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 767; *see* 18 U.S.C. § 3553(a)(4) & (5). *Paladino* asks sentencing courts to determine whether particular sentences would be any different under advisory Sentencing Guidelines. *Paladino*, 401 F.3d at 484.

Defendant Ruben Herrera-Herrera pled guilty on February 25, 2004, to illegal re-entry

into the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). The statutory sentencing range for this crime as charged is zero to ten years. *8 U.S.C. § 1326(b)(1)*. At the sentencing on June 21, 2004, the Court found that defendant's base offense level was 8. The Court increased defendant's offense level by four points under U.S.S.G. § 2L1.2(b)(1)(D) for previous deportation. The Court then decreased defendant's offense level by two points for acceptance of responsibility. Thus, defendant's total offense level was 10. The Court found that defendant's criminal history category was IV and that his sentencing range under the Guidelines was 24 to 30 months. The Court sentenced defendant to serve 30 months in prison (Doc. 11).

On October 4, 2005, the Court of Appeals ordered a limited remand of this case for the Court to determine whether, if it was required to resentence defendant after *Booker* and under advisory Sentencing Guidelines, it would reimpose the original sentence (Doc. 26); *see Paladino*, 401 F.3d at 484. The Court solicited the views of counsel and each side has made a written submission (Docs. 30,31).

The government believes that the sentence imposed is in accordance with the Sentencing Guidelines and that there is no reason to deviate from the Guidelines. Defendant, however, argues that under the 18 U.S.C. § 3553(a) factors, he should a receive a sentence of 24 rather than 30 months. Specifically, defendant argues that his crime was not one of violence or opportunity, rather it was fueled by the personal circumstance of having an ill child who needed him to come to the United States for financial support. Defendant further argues that he arrived in this country lawfully when he was five years old, and unfortunately, at the time of his father's naturalization, he had just turned eighteen, and was three months

too old to obtain derivative citizenship through his father. Although he remained as a resident alien, defendant notes that he is the product of a broken home, and as such, he developed a drug addiction that eventually, in March 2003, resulted in the loss of his resident alien status and removal from the United States. Defendant notes that his wife and two children are American citizens, as are his remaining family members, and that he has no family members in, or other ties to, Mexico. At the end of his incarceration, defendant is to be deported to Mexico. Defendant argues that the deportation and resulting separation from his family is a harsher sentence than most defendants receive, and that a longer term of incarceration only compounds this disparity. According to defendant, the seriousness of the offense and protection of the public factors are clearly met by the fact that he will ultimately be deported. Defendant also argues that 24 months would provide adequate deterrence in this case because he is 45 years old and recidivism rates tend to decline after age 50.

     The Court has reviewed the parties' memoranda and has determined that if it was required to resentence defendant after *Booker* and under advisory Sentencing Guidelines, it would reimpose the same sentence. With respect to the specific arguments raised by defendant in his sentencing memorandum, the Court notes that defendant's sentence, under the advisory Sentencing Guidelines, takes into account not only defendant's offense, but also his criminal history. Here, defendant has a criminal history category IV due to numerous convictions for possession of controlled substances, battery, and retail theft. In addition, the Court notes that defendant's deportation is a separate issue from defendant's punishment for the offense. The deportation is a natural consequence of defendant's illegal re-entry into the United States. Although the deportation may appear to defendant to have punishing

consequences, the deportation is separate and apart from the need to punish defendant with incarceration based upon his violation of 8 U.S.C. §§ 1326(a) and (b)(1), taking into account the advisory Sentencing Guideline system. After reviewing the factors set forth in 18 U.S.C. § 3553(a), and based upon the Sentencing Guidelines, which are advisory, the Court finds that a 30-month sentence is sufficient but not greater than necessary to effect the purposes of the Sentencing Reform Act of 1984. For these reasons, the Court would reimpose the same sentence were it required to resentence defendant after *United States v. Booker*, 125 S. Ct. 738 (2005).

Defendant also argues that some districts participate in an early disposition, or "fast-track," program which, if applied in this district, would have made defendant eligible for a 12-18 month sentence. Defendant cites *United States v. Medrano-Duran*, 386 F.Supp.2d 943 (N.D.Ill.2005), for the proposition that the failure of this district to participate in a "fast-track" program, causes an automatic disparity in his sentence that is unwarranted under § 3553(a)(6). Initially, the Court notes that the United States Court of Appeals for the Seventh Circuit does not appear to have addressed this issue, at least not in a published order. Secondly, the Court notes that the record contains no evidence that defendant would have qualified for "fast track" consideration were it even available in this district. Even if the "fast track" program were available to defendant, under U.S.S.G. § 5K3.1, this Court has the discretion to reject the government's recommendation for a reduced sentence. *See U.S.S.G. § 5K3.1*. Finally, after reviewing *Medrano-Duran*, the Court concludes that it need not resolve whether sentencing disparities caused by fast-track programs are or are not unwarranted under § 3553(a)(6). Section 3553(a)(6) directs sentencing courts to avoid "unwarranted sentencing disparities

among defendants with similar records who have been found guilty of similar conduct . . ." *18 U.S.C. § 3553(a)(6)*. This directive, however, is just one of several factors that a court must consider in determining a reasonable sentence. As noted, this court has carefully reviewed all the factors listed in § 3553(a), including § 3553(a)(6), and has concluded that they fully support the sentence imposed. In *Medrano-Duran,* the Court reduced the advisory Guideline range in part because of the unwarranted disparity caused by the fast track program, but also because of other factors: the defendant's "youth, the fact that he had no prior illegal re-entry offenses, and the fact that he committed no other crimes following his return to this country." *Medrano-Duran*, 386 F.Supp.2d at 949. Not all of those factors are present here, plus this defendant has a significant criminal history. As such, the Court declines to find an unwarranted sentencing disparity. *See e.g., United States v. Peralta-Espinoza*, 383 F.Supp.2d 1107 (E.D.Wis. 2005) (court stated that it "would have imposed a below-guideline sentence based in part on fast-track disparity if the other § 3553(a) factors had not weighed against such a sentence"). Here, the Court finds that taking into account all of the § 3553(a) factors, including § 3553(a)(6), the sentence imposed is warranted. Upon review, the Court would impose the same sentence were it required to resentence defendant after *United States v. Booker*, 125 S. Ct. 738 (2005).

The Court **DIRECTS** the Clerk of Court to send a copy of this order to the United States Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED:**
**DATED:  January 23, 2006.**

*s/ James L. Foreman*
**DISTRICT JUDGE**